Filed 3/10/25

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

<table>
<tr><td>THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LUIS OLMOS,<br><br>    Defendant and Appellant.</td><td>B333138<br><br>(Los Angeles County<br>Super. Ct. No. BA203863)</td></tr>
</table>

APPEAL from a post-judgment order of the Superior Court of Los Angeles County, Renée F. Korn, Judge. Affirmed.

Richard Lennon and Sydney Banach, under appointments by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Steven E. Mercer, Deputy Attorneys General, for Plaintiff and Respondent.

# I.    INTRODUCTION

In 2001, defendant Luis Olmos was convicted of murder and other crimes that he committed when he was 17 years old. He was sentenced to an aggregate term of 33 years to life in prison. In 2023, defendant filed a petition for recall and resentencing under Penal Code[1] section 1170, subdivision (d)(1)(A) (section 1170(d)(1)(A)), which permits juvenile offenders sentenced to life without the possibility of parole (LWOP) to petition for recall and resentencing under certain circumstances. Defendant, who mistakenly believed that he had been sentenced to 41 years to life, argued that because his sentence was the functional equivalent of LWOP, he was entitled to relief under section 1170(d)(1)(A). The trial court, which also mistakenly believed that defendant had been sentenced to 41 years to life, denied the petition on the grounds that defendant had not been sentenced to the functional equivalent of LWOP. Defendant then filed a petition for writ of habeas corpus in which he challenged the denial of resentencing, which this court deemed a timely notice of appeal. We affirm.

# II.    BACKGROUND

On April 30, 1996, defendant and six fellow gang members surrounded and attacked three members of a rival gang. Defendant stabbed, and two fellow gang members shot, Manuel Chavez who died from his wounds. Other gang members beat Manuel Garcia until he lost consciousness. The record does not reflect the fate of the third rival gang member.

---

[1] All further statutory references are to the Penal Code.

In 2001, a jury found defendant guilty of first degree murder (§ 187, subd. (a)), attempted premeditated murder (§§ 187, subd. (a), 664), and assault by force likely to produce great bodily injury (§ 245, subd. (a)(1)). The jury found true allegations that defendant personally used a deadly weapon (§ 12022, subd. (b)(1)) and that a principal was armed with a firearm (*id*., subd. (a)(1)). The trial court sentenced defendant to an aggregate term of 33 years to life.[2]

A prior panel of this court modified the judgment by staying a sentencing enhancement and awarding defendant 615 days of presentence credit, and otherwise affirmed the conviction. (*People v. Olmos* (Sept. 18, 2002, B155177) [nonpub. opn.].)

On June 15, 2023, defendant filed a petition for recall and resentencing under section 1170(d)(1)(A) and *People v. Heard* (2022) 83 Cal.App.5th 608 (*Heard*).

---

[2] Following the initial submission of briefing in this matter, and in response to a letter from this court seeking clarification on defendant's sentence, defendant agreed that he had been sentenced to a term of 33 years to life, and not a term of 41 years to life. In his letter, defendant requests that we remand this matter to the trial court so that it can exercise its informed discretion and determine whether defendant is entitled to relief based on his correct sentence. We decline defendant's request. The court here found that a 41-years-to-life sentence was not the equivalent of LWOP. Thus, a remand for the court to consider whether defendant's correct and shorter sentence was the equivalent of LWOP would be an idle act. (*People v. Torres* (2022) 81 Cal.App.5th 76, 80.)

3

That same day, the trial court denied the petition, finding that defendant had not been sentenced to the functional equivalent of LWOP.[3]

### III. DISCUSSION

Section 1170(d)(1)(A) provides: "When a defendant who was under 18 years of age at the time of the commission of the offense for which the defendant was sentenced to imprisonment for life without the possibility of parole has been incarcerated for at least 15 years, the defendant may submit to the sentencing court a petition for recall and resentencing." Although section 1170(d)(1)(A) thus applies, by its own terms, to those juvenile offenders sentenced to "imprisonment for life without the possibility of parole," the Attorney General concedes that under *Heard, supra*, 83 Cal.App.5th 698, juvenile offenders who have been sentenced to the functional equivalent of LWOP are also entitled to relief.

Given the Attorney General's concession, we will assume for purposes of this appeal that juvenile offenders who are sentenced to the functional equivalent of LWOP are entitled to relief under section 1170(d)(1)(A). Accordingly, we consider whether defendant's 33-years-to-life sentence is the functional equivalent of LWOP. Even putting aside that defendant was entitled to a parole hearing in December 2024, his sentence is readily distinguishable from the indeterminate sentences of 23

---

[3] The court also noted, and the parties do not dispute, that defendant was entitled to a parole hearing in December 2024, when he was 46 years old. (See *People v. Franklin* (2016) 63 Cal.4th 261, 279–280.)

4

years plus 80 years to life imposed on the juvenile in *Heard, supra*, 83 Cal.App.5th at page 612 and the 10 years plus 130 years to life imposed on the juvenile in *People v. Sorto* (2024) 104 Cal.App.5th 435 at page 440. Defendant's sentence is also far shorter than the 50- and 58-year sentences imposed on the juveniles in *People v. Contreras* (2018) 4 Cal.5th 349 at page 356. Thus, we hold the trial court did not err when it concluded that defendant had not been sentenced to the functional equivalent of LWOP.

## IV. DISPOSITION

The order denying defendant's section 1170(d)(1)(A) petition is affirmed.

KIM (D.), J.

We concur:

BAKER, Acting P. J.

MOOR, J.

5